■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES DARWIN ALDRICH, Appellant.— Motion granted and time for argument of appeal enlarged to include March 1961 Term.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND CLINE, Appellant.— Motion granted to prosecute appeal on original papers, five typewritten briefs, Philip D. O'Donnell, Esq., of Herkimer assigned as counsel to conduct appeal, and time for argument of appeal enlarged to include March 1961 Term.

■ In the Matter of the Arbitration between ANGELO P. MOLE, as Administrator, Appellant, and QUEEN INSURANCE COMPANY OF AMERICA, Respondent.— Motion granted and order dismissing appeal vacated on condition that records and briefs are filed and served on or before March 1, 1961. Respondent's brief must be filed on or before March 16 if appeal is to be argued at March 1961 Term.

■ CONNECTICUT GENERAL LIFE INSURANCE Co., Respondent, v. BERMAR THEATRE, INC., Appellant, et al., Defendants.— Motion to dismiss appeal denied.

■ PAUL DOOLEY, Doing Business as DOOLEY PROVISION Co., Appellant, v. THOMAS ANTON et al., Respondents.— Motion to have appeal placed on calendar for February 1961 Term denied.

■ In the Matter of ROBERT E. FISCHER, as Special Assistant Attorney-General, Respondent, v. HELEN CRASKA, Also Known as HELEN DAVIS, Petitioner.— Application for a stay denied.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE H. HORNBECK, JR., Appellant, v. WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Reargument of motion to prosecute appeal on original papers and typewritten briefs, from order entered March 16, 1960, granted on court's own motion, and the Attorney-General having in effect withdrawn his prior opposition to the motion, on reargument, motion granted.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR FRAZIER, Relator, v. ALBERT W. SKINNER, as Sheriff of the County of Monroe, Respondent.— Motion granted to prosecute appeal on original record, five typewritten briefs, Frederick Thompson, Esq., assigned as counsel to conduct appeal, time for argument of appeal enlarged to include March 1961 Term, and otherwise motion denied.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLEVELAND KIMBROUGH, Appellant.— Motion to dismiss appeal denied. Appellant granted permission to prosecute appeal on certified copy of judgment roll, five typewritten copies of brief, David M. Coffey, Esq., of Buffalo, assigned as counsel to conduct the appeal, and time for argument of appeal enlarged to include May 1961 Term on condition that appellant's brief is filed and served on or before April 12, 1961.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARLOS STEVENSON, Appellant.— Motion granted to extent that for argument of appeal enlarged to include March 1961 Term on condition that appellant's brief is filed and served on or before March 6, 1961. Respondent directed to file by March 16, 1961.

■ (A) LYONS NATIONAL BANK, Respondent, v. HARRIE B. MOORE, Appellant. (B) ROBERT WARNER, Appellant, v. LAURENCE KENAN, Respondent. RONNIE DAYS, Appellant, v. LAURENCE KENAN, Respondent. (C) In the Matter of THOMAS P. BIRMINGHAM, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent. (D) ALBERT E. BARTLETT, Respondent, v. TOWN OF GEDDES et al., Appellants. (E) THOMAS MANITTA, Respondent, v. TOWN OF GEDDES et al., Appellants. (F) COASTAL COMMERCIAL CORP., Respondent, v. SAMUEL KOSOFF & SON, INC., Defendant and Third-Party Plaintiff-

Appellant. LINCOLN NATIONAL BANK AND TRUST CO. et al., Third-Party Defendants-Appellants. (G) NELLIE C. CRAWFORD, Respondent, v. TOWN OF HAMBURG, Appellant. (H) VIRGINIA HAYNOS, as Administratrix, Respondent, v. CLARA KRUPCZYK, Appellant.— [In each action] Appeal dismissed unless records and briefs are filed on or before March 1, 1961. Respondent's brief must be filed on or before March 16, 1961 if appeal is to be argued at March 1961 Term.

■ (A) In the Matter of the Arbitration between SARAH RUSSO, Doing Business as AUBURN BEVERAGE CO., Appellant, and BEER DRIVERS LOCAL UNION No. 263, Respondent. (B) FRANK E. BARRY, Appellant, v. CITY OF SYRACUSE, Respondent.— [In each action] Appeal dismissed unless records and briefs are filed on or before March 6, 1961. Respondent's brief must be filed on or before March 16, 1961 if appeal is to be argued at March 1961 Term.

■ (A) In the Matter of ISADORE DOBOSEN, Petitioner, v. GEORGE P. MONAGHAN, as Commissioner, et al., Respondents. (B) JOHN FRITZEN, Appellant, v. COUNTY OF ONONDAGA, Respondent. (C) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RANDOLPH COVINGTON, Appellant. (D) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY SMIECH and HAROLD BALE, Appellants. (E) EDWARD BARDELL, Appellant, v. MARIAN ALLEN, Respondent.— [In each action] Motion granted and appeal dismissed.

## (February 23, 1961)

■ WILLIAM F. REIBER, Appellant, v. WALTER F. ROBERTS, Respondent.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: When the deed in controversy was executed and acknowledged by the grantors, the only grantees named therein were the plaintiff and his wife (since deceased). Subsequently, at the time of the closing of the transaction at the County Clerk's office, the name of the defendant, a son of the plaintiff's wife by a former marriage, was added as a grantee and the words "as joint tenants, with the right of survivorship" were also added. The plaintiff contended upon the trial that the additions were made without his consent. But the proof established that the plaintiff was personally present and gave his consent to the addition of his stepson's name as one of the grantees. It appeared, however, that the grantors had left the County Clerk's office before the addition was made. There was proof that their attorney was present and that he expressly consented to the change, stating that it was immaterial to his clients whether any grantees were added. It is questionable, however, whether this consent was within the scope of the implied authority of the attorney, and there was no proof of express authority. This question should be inquired into upon a new trial. We do not, at this time, pass upon the question of whether the authority of the attorney was required to be in writing under the Statute of Frauds. We note that no rights of third parties are involved and that the controversy arises only as between the parties to the conveyance. (Appeal from judgment and order of Monroe Equity Term dismissing plaintiff's complaint in an action to reform a deed. The order granted plaintiff's motion for permission to enter judgment on failure of defendant to enter same.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT SPRY, Appellant.— Order unanimously affirmed. (Appeal from order of Genesee County Court denying defendant's application for writ of error *coram nobis* to set aside a judgment of conviction dated December 17. 1954.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.